1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11
12

JAMES JOHN McBRIDE,
CDCR #V-43592,

13

Plaintiff,

14

15

vs.

16

17
18
19
20
21

D. SERVANTES, Correctional Sergeant;
A. VANDERLIPE, Correctional Officer;
E. SANDOVAL, Correctional Officer;
E. IHEANACHO, Correctional Officer;
G. CASIAN, Doctor;
K. CHALLAKERE, Doctor;
D. ONATE, Registered Nurse,

Defendants.

22
23

Civil No.    15cv2445 LAB (JLB)

**ORDER:**

**1)  GRANTING PLAINTIFF'S
MOTION TO PROCEED
*IN FORMA PAUPERIS*
PURSUANT TO
28 U.S.C. § 1915(a)
[ECF Doc. No. 2]**

**AND**

**2)  DIRECTING U.S. MARSHAL
TO EFFECT SERVICE OF
SUMMONS AND COMPLAINT
PURSUANT TO
28 U.S.C. § 1915(d) AND
FED. R. CIV. P. 4(c)(3)**

24

25

26

27

28

James John McBride ("Plaintiff"), currently incarcerated at California State

Prison, Los Angeles County ("CSP-LAC") in Lancaster, California, and proceeding

pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983

(ECF Doc. No. 1).

/ / /

1   Plaintiff claims four Richard J. Donovan Correctional Facility ("RJD")
2   correctional officials and three RJD medical officials violated his Eighth Amendment
3   rights in August 2015 by using excessive force, sexually assaulting him, and
4   "administer[ing] multiple injections of drugs into [his] body against [his] will." *See*
5   Compl. at 4-5. Plaintiff seeks injunctive relief preventing "reprisals in any form," a
6   trial by jury and $109 million in general and punitive damages. *Id.* at 9.

7   Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a)
8   when he filed his Complaint; instead, he filed a Motion to Proceed *In Forma*
9   *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

10  **I.   Plaintiff's Motion to Proceed IFP**

11  All parties instituting any civil action, suit or proceeding in a district court of
12  the United States, except an application for writ of habeas corpus, must pay a filing
13  fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's
14  failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to
15  28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007);
16  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is
17  granted leave to proceed IFP remains obligated to pay the entire fee in "increments"
18  or "installments," *Bruce v. Samuels*, __ S. Ct. __, 2016 WL 112684 at *3 (U.S. Jan.
19  12, 2016) (No. 14-844); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015),
20  and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C.
21  § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

22  Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act
23  ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of
24  [his] trust fund account statement (or institutional equivalent) for . . . the six-month
25  period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2);

26

27  _____
   [1] In addition to the $350 statutory fee, civil litigants must pay an additional
28  administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of
   Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50
   administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

*Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2 (ECF Doc. No. 2 at 5-8). *Andrews*, 398 F.3d at 1119. Plaintiff's statement shows that he has had no deposits, carried no balance during the 6-month period preceding the filing of this action, and had no available money on the books at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. No. 2), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

/ / /

/ / /

## II.    Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most

1  favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

2  1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil

3  Procedure 12(b)(6)").

4      However, while the court "ha[s] an obligation where the petitioner is pro se,

5  particularly in civil rights cases, to construe the pleadings liberally and to afford the

6  petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

7  2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not

8  "supply essential elements of claims that were not initially pled." *Ivey v. Board of*

9  *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

10      As currently pled, the Court finds Plaintiff's Complaint contains excessive

11  force and medical care claims sufficient to overcome the "low threshold" for

12  surviving the initial sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and

13  1915A(b).[2] *See* Compl., ECF Doc. No. 1, at 4-5; *Wilhelm v. Rotman*, 680 F.3d 1113,

14  1123 (9th Cir. 2012); *see also Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (to violate

15  the Eighth Amendment, plaintiff must allege that an official applied force

16  "maliciously and sadistically for the very purpose of causing harm."); *Washington v.*

17  *Harper*, 494 U.S. 210, 221-22 (1990) (recognizing prisoner's protected liberty

18  interest in refusing medical treatment under certain circumstances).

19      Accordingly, the Court will direct the U.S. Marshal to effect service on

20  Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

21  serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3)

22  ("[T]he court may order that service be made by a United States marshal or deputy

23  marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C.

24  § 1915.").

25  / / /

26

27      [2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is
   cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a
28  defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D.
   Cal. 2007).

**III.    Conclusion and Orders**

Good cause appearing, the Court:

1.      **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

2.      **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.      **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF Doc. No. 1) upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF Doc. No. 1), and the summons so that he may serve each Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible for each Defendant, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5.      **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

6.      **ORDERS** Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive

the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7.   **ORDERS** Plaintiff to serve upon Defendants or, if an appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document he wishes the Court to consider. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED**.

DATED:  February 16, 2016

_Larry A. Burns_

**HONORABLE LARRY ALAN BURNS**
United States District Judge