UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James John McBride,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>D. Servantes, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 15-cv-02445-LAB-JLB<br><br>**Report and Recommendation**<br><br>**[ECF No. 15]** |

Plaintiff James John McBride is a prisoner currently incarcerated at California State Prison – Los Angeles County, California, and is proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983.  Defendants[1] are all correctional or medical care officials employed at Richard J. Donovan Correctional Facility where Plaintiff was incarcerated in 2015.  (ECF No. 1, Cpl.)

Currently pending before this Court is Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed pursuant to Federal Rule of Civil Procedure 56.  (ECF No. 15.)  The Court submits this Report and Recommendation to United States District Judge Larry Alan Burns pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of

---

[1] The term "Defendants" refers to all named defendants: G. Casian, K. Challakere, E. Iheanacho, D. Onate, E. Sandoval, D. Servantes, and A. Vanderslipe.

California. After a thorough review of the motion papers and evidence filed in support thereof, this Court **RECOMMENDS** Defendants' Motion for Summary Judgment (ECF No. 15) be **GRANTED**.

## I. Procedural History

On February 18, 2016, the District Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF No. 4.) The Court also screened Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b) and found that his Complaint contained excessive force and medical care claims sufficient to overcome the "low threshold" for surviving the initial *sua sponte* screening process. (*See id.*)

On June 6, 2016, Defendants filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 based on Plaintiff's failure to properly exhaust available administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e(a). (ECF No. 15.) The Court notified Plaintiff of the deadline and requirements for filing an opposition to the pending summary judgment motion. (ECF No. 16.)

The deadline for Plaintiff to file an opposition (and for Defendants to file a reply) was later extended by approximately 30 days to allow Plaintiff time to respond to Defendants' motion with evidence. (ECF No. 20.) Plaintiff was given until August 2, 2016, to file an opposition to Defendants' motion but that time has since passed and Plaintiff has not filed an opposition. Therefore, Defendants have not filed a reply.

After a careful review of Defendants' Motion, as well as all evidence submitted, the Court RECOMMENDS Defendants' Motion for Summary Judgment be **GRANTED** based on Plaintiff's failure to exhaust his administrative remedies as explained below.

## II. Plaintiff's Factual Allegations

Plaintiff alleges that on August 15, 2015, Sergeant Servantes and Officers Vanderslipe, Sandoval, and Iheanacho used excessive force on him. He alleges that Sergeant Servantes beat him, using a baton and his hands and feet. (ECF No. 1 at 1, 4.) He alleges that Officer Vanderslipe punched and kicked him, jumped up and down on his

back, and held him while Sergeant Servantes beat him. (*Id.*) He alleges that Officer Sandoval punched and kicked him and held him while Sergeant Servantes beat him. (*Id.*) He alleges that Officer Iheanacho struck and kicked him and raped him by penetrating his anus with his fingers. (*Id.*) Plaintiff claims that as a result of these beatings and rape, he suffered upper and lower back pain and injury, head injury, hand and wrist injury, and embarrassment, shame, and mental anguish. (*Id.*)

Plaintiff further alleges that Dr. Casian failed to supervise medical staff and failed to prevent him from receiving an overdose of drugs. (ECF No. 1 at 5.) Plaintiff also alleges that Dr. Casian followed the directive of non-medical staff to administer lethal amounts of drugs into his system. (*Id.*) Plaintiff alleges that Dr. Challakere ordered Nurse Onate to give him multiple injections of drugs against his will, causing him to overdose and have to be taken to an outside hospital, where he remained in a coma. (*Id.*) He further alleges that Nurse Onate injected him with an overdose of multiple drugs, causing overdose and coma. (*Id.*)

## III. Defendants' Motion

Defendants seek summary judgment on the ground that "Plaintiff failed to exhaust administrative remedies before filing suit." (ECF No. 15-1 at 2.)

### A. Legal Standards

#### 1. Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' . . . -rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88). *See also Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting *Jones*, 549 U.S. at 218).

The only recognized limitation on the exhaustion requirement is that the administrative remedies must be *available* to the prisoner. "Courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). Indeed, "the PLRA requires only that a prisoner exhaust available remedies, and [] a failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court." *McBride v. Lopez*, 807 F.3d 982, 986 (9th Cir. 2015) (citing *Nunez v. Duncan*, 591 F.3d 1217, 1225-26 (9th Cir. 2010); *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010); *Albino v. Baca*, 747 F.3d 1162, 1177 (9th Cir. 2014) (en banc). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Albino*, 747 F.3d at 1171.

Because the failure to exhaust is an affirmative defense, Defendants bear the burden of raising it and proving its absence. *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, Defendants must produce evidence proving the Plaintiff's failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the Plaintiff, shows he failed to exhaust. *Id.*

### 2. Federal Rule of Civil Procedure 56 Summary Judgment

Any party may move for summary judgment, and the Court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166. Each party's position, whether a fact is disputed or undisputed, must be supported by: (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56 (c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3).

When defendants seek summary judgment based on the plaintiff's failure to exhaust, they "must first prove that there was an available administrative remedy and that the prisoner [plaintiff] did not exhaust that available remedy." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172). If defendants meet this burden, then "the burden shifts to the plaintiff who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams*, 775 F.3d at 1191; *see also McBride*, 807 F.3d at 984 (citing "certain limited circumstances where the intervening actions or conduct by prison officials [may] render the inmate grievance procedure unavailable").

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id*.

### 3. Administrative Requirements of the California Department of Corrections and Rehabilitation

In a PLRA suit, the court may consider only claims that meet the particular administrative exhaustion requirements of the particular state's prison system. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In California, those administrative exhaustion requirements are described in Title 15 of the California Code of Regulations. The California Department of Corrections and Rehabilitation provides its inmates with an administrative appeal process whereby an inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."[2] Cal. Code Regs. tit. 15, § 3084.1(a). The appeal process includes up to three levels of administrative review, and an inmate's administrative remedies for a claim are not deemed exhausted until the claim is "addressed through all required levels of administrative review up to and including the third level." Cal. Code Regs. tit. 15, § 3084.1 ("all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted").

### B. Plaintiff's Record of Grievances

Defendants argue that their motion for summary judgment should be granted because Plaintiff filed this lawsuit before the administrative exhaustion process was complete.

As set forth in greater detail herein, the PLRA's statutory exhaustion requirement is clear. If administrative remedies were available to the prisoner presuit, then "a district court must dismiss a case without prejudice 'when there is no presuit exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir.

---

[2] "Department means the California Department of Corrections and Rehabilitation." Cal. Code Regs. tit. 15, § 3000.

2005); *see also Ross*, 136 S. Ct. at 1862 ("Courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement.").

In support of their argument that Plaintiff failed to properly exhaust his claims in this action through the available administrative appeal process, Defendants supply the declarations of B. Self, Appeals Coordinator at R.J. Donovan (ECF No. 15-2); M. Voong, the Chief of the Office of Appeals for CDCR in Sacramento, California (ECF Nos. 15-3 and 15-4); D. Van Buren, Health Care Appeals Coordinator at R.J. Donovan (ECF No. 15-6); and R. Robinson, Chief of Inmate Correspondence and Appeals Branch (ECF No. 15-5). These declarations are undisputed and show that Plaintiff lodged four grievances with the prison related to the allegations in his complaint. Before filing suit, three levels of administrative review were both required and available to Plaintiff for his grievances. *Id.*; Cal. Code Regs. tit. 15, § 3084.1. Yet, Petitioner did not receive third level decisions on *any* of his relevant grievances prior to filing this lawsuit. Three of the four grievances received third level decisions from the prison months after Plaintiff filed this lawsuit,[3] and as of the date of Defendants' motion for summary judgment, the fourth had not yet been presented for third level review.[4] Thus, Plaintiff failed to complete the exhaustion process for any of his claims before he filed this lawsuit.[5] Therefore, Defendants have met their Rule 56 burden to show there was an available administrative remedy for Plaintiff's claims and that Plaintiff did not exhaust that available remedy before filing this lawsuit.

---

[3] These grievances were assigned Appeal Log No. RJD-B-15-02874, Health Care Appeal Log No. RJD-HC-15053861, and Health Care Appeal Log No. RJD-HC-015054070. (*See* ECF No. 15-1 at 5-8.) Health Care Appeal Log No. RJD-HC-015054070 was deemed to be a duplicate of Health Care Appeal Log No. RJD-HC-15053861. (ECF No. 15-6 at 21.)

[4] This grievance was assigned Appeal Log. No. RJD-B-15-03195. (*See* ECF No. 15-1 at 6.)

[5] Defendants also raise purported deficiencies with each grievance, such as Plaintiff's expansion of his claims and failure to name Defendant Iheanacho and certain medical staff members his grievances. (*See*, *e.g.*, ECF No. 15-7 at 2-5.) However, in light Plaintiff's failure to exhaust any of his grievances prior to filing this lawsuit, the Court declines to address the merits of the deficiencies identified.

In order to defeat a properly supported motion seeking summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), Plaintiff must "come forward with evidence showing" either that he has properly exhausted all available administrative remedies before filing suit, or that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Williams*, 775 F.3d at 1191; *Jones*, 549 U.S. at 218. Plaintiff did not file an opposition in this matter and provides no evidence to contradict Defendants' evidence showing non-exhaustion. The only document before the Court reflecting Plaintiff's position with respect to exhaustion is his complaint. In his complaint, Plaintiff pleads that he exhausted his administrative remedies "by means of Appeal Form 602 and the process continues as a matter of law regarding – Plata. Still pending in the 9th Circuit Court of Appeals."[6] (ECF No. 1 at 8.) This incomplete and contradictory assertion fails to meet Plaintiff's burden to present evidence raising a genuine issue of material fact that either exhaustion occurred or should be excused because administrative remedies were effectively unavailable to him at the time he filed this lawsuit.

Therefore, based on the record before the Court, the Court concludes that Defendants have met "their burden of demonstrating a system of available administrative remedies at the initial step of the *Albino* burden-shifting inquiry." *Williams*, 775 F.3d at 1192. Defendants have presented evidence showing that the administrative remedies were available to Plaintiff, that Plaintiff was aware of the remedies, and that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff failed to submit evidence showing the presence of a genuine dispute as to any material fact regarding his failure to exhaust available remedies prior to filing this lawsuit.

---

[6] The significance or meaning of "Plata" is unknown.

Therefore, the Court concludes that Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust his available administrative remedies before filing this action as required by 42 U.S.C. § 1997e.

## IV. Conclusion

The Court submits this Report and Recommendation to United States District Judge Larry Alan Burns pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.  For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) **GRANTING** Defendants' Motion for Summary Judgment (ECF No. 15).

IT IS ORDERED that no later than **September 2, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **September 13, 2016**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  August 12, 2016

*[Signature: Jill Burkhardt]*

Hon. Jill L. Burkhardt
United States Magistrate Judge