# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James John McBride,<br><br>                    Plaintiff,<br><br>v.<br><br>D. Servantes, et al.,<br><br>                   Defendants. | Case No. 15-cv-02445-LAB-JLB<br><br>**Order Denying Motion for Appointment of Counsel**<br><br>**[ECF No. 27]** |

      Before the Court is Plaintiff's motion requesting the appointment of counsel (ECF No. 27). Having reviewed Plaintiff's motion in conjunction with the case record, the Court concludes that Plaintiff fails to meet the criteria for the Court to appoint him counsel. Plaintiff's motion is DENIED.

      There is no constitutional right to the appointment of counsel in §1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§1983 action), cert. denied, 130 S. Ct. 1282 (2010). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id*. (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)).

      First, for the reasons stated in this Court's August 12, 2016 Report and Recommendation, Plaintiff is unlikely to succeed on the merits as the record demonstrates

that Plaintiff failed to exhaust his available administrative remedies before filing this action as required by 42 U.S.C. § 1997e. (*See* ECF No. 21.) Therefore, the first "exceptional circumstances" factor does not support Plaintiff's request for appointment of counsel.

Second, Plaintiff argues circumstances exist for the appointment of counsel because he cannot prosecute his case effectively given he is indigent, has limited access to the law library at Mule Creek State Prison, and believes his case is complex. (ECF No. 27 at 1-2.) Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by prisoners representing themselves *pro se*.[1] And, although Plaintiff argues this case is complex, Plaintiff's filings to date are well-written and demonstrate that he is able understand and articulate the essential facts supporting his claims. Thus, the Court finds Plaintiff has demonstrated and an adequate understanding of the relevant facts as well as the legal issues involved. Therefore, the second "exceptional circumstances" factor also does not support Plaintiff's request for appointment of counsel.

In conclusion, Plaintiff's motion requesting the appointment of counsel (ECF No. 27) is DENIED.

Dated: September 14, 2016

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1] *Cf. Morris v. Barr*, No. 10cv2642-AJB-BGS, 2011 WL 3859711, at *3 (S.D. Cal. Aug. 31, 2011) (holding "Plaintiff's arguments regarding his ability to obtain discovery, the potential need for experts, and his ability to obtain discovery and conduct depositions are not exceptional circumstances warranting the appointment of counsel at this time.").